IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JAMES GLENN WILDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 110-109 |
| | ) | |
| GERALD LAWSON, Sheriff of Lincoln | ) | |
| County, Georgia; LATRELLE MERCIER, | ) | |
| Chief Jailer; OFFICER ZELLARS, | ) | |
| Assistant Jailer, in their individual and | ) | |
| official capacities, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Hays State Prison ("HSP") in Trion, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis*, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

### I. BACKGROUND

Liberally construing Plaintiff's complaint, the Court finds that the Plaintiff names the following Defendants: (1) Gerald Lawson, Sheriff of Lincoln County, Georgia; (2) Latrelle Mercier, Chief Jailer, Lincoln County Sheriff's Office and Jail; and (3) Officer Zellars, Assistant Jailer, Lincoln County Sheriff's Office and Jail. (Doc. no. 1, pp. 1, 4.)

Plaintiff states that on February 17, 2009, he was transported from Augusta State Medical Prison to the Lincoln County Jail for a court appearance in Lincoln County Superior Court the following day. (Doc. no. 1, p. 6.) Plaintiff claims that upon his arrival he was placed in a holding cell for approximately fifteen minutes before being taken out of the cell by Defendant Zellars, who Plaintiff identifies as a female jailer. (Id.) Plaintiff then alleges that Defendant Zellars conducted a pat down during which she placed her hand against Plaintiff's genitalia and inner thigh on the outside of his clothing, and also placed her hand directly upon Plaintiff's "pubic area" inside his boxer shorts. (Id. at 7.) After the pat down, Plaintiff states that Defendant Mercier, also a female, joined Defendant Zellars and informed Plaintiff that he would need to be strip searched. (Id.) Plaintiff states that he protested and demanded a male officer to conduct the strip search, but he was lead into a small shower where Defendants Zellars and Mercier told him to remove all of his clothing. (Id. at 7-8.) Plaintiff alleges that Defendant Mercier instructed him to lift his genitals, turn around and spread his buttocks and cough, and then to turn around so she and Defendant Zellars could "see the front again." (Id. at 8.) Plaintiff further claims that Defendants Zellars and Mercier laughed throughout the process and made comments to each other that he could not hear. (Id.) Plaintiff states that he observed other male prisoners being lead into the shower for strip searches despite their own protests. (Id. at 9.) Plaintiff claims that he questioned Defendant Zellars about the strip search and was told to talk to Defendant Lawson if he "had a problem with it." (Id.)

Plaintiff states that, at the time of the pat down and strip search, there were male deputies as well as other male prison personnel who were available and could have performed any necessary searches. (Id. at 9-10.) Plaintiff further states that there were no emergency or other exigent circumstances at that time to "justify" the pat down and strip search of Plaintiff and other male inmates by female officers. (Id. at 10.)

2

Plaintiff goes on to claim that Defendant Lawson, as Sheriff and final policymaker, is responsible for the policy in regards to pat downs and strip searches at the Lincoln County Jail. (Id. at 11.) Plaintiff then alleges that Defendant Lawson had personal knowledge of the pat downs and strip searches of male inmates by female officers, and that Defendant Lawson caused the deprivation of Plaintiff's constitutional rights by establishing the policy or custom of permitting female officers to perform pat downs and strip searches upon male inmates. (Id.)

## II. DISCUSSION

Plaintiff has attempted to sue Defendants in their official and individual capacities for monetary damages. However, the Eleventh Amendment bars official capacity claims against state prison officials for monetary damages. Kentucky v. Graham, 473 U.S. 159, 169 (1985). In this case, Plaintiff's allegations relate to actions undertaken by Defendants while performing functions as a state prison officials. Therefore, Plaintiff's official capacity claims for monetary damages are not cognizable and should be dismissed.

## III. CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's claims for monetary damages against Defendants in their official capacities be **DISMISSED**.[1]

SO ORDERED this 18th day of November, 2010, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[1] In a simultaneously filed Order, the Court has directed that service of process be effected on Defendants Lawson, Zellars, and Mercier based on Plaintiff's claim for violations of his right to bodily privacy.

3