FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2011 JUL 26 AM 11: 07
CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JAMES GLENN WILDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 110-109 |
| | ) | |
| GERALD LAWSON, Sheriff of Lincoln | ) | |
| County, Georgia; LATRELL MURSIER, | ) | |
| Chief Jailer; and KATRINA ZELLARS, | ) | |
| Assistant Jailer, in their individual | ) | |
| capacities,[1] | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The above-captioned case was filed pursuant to 42 U.S.C. § 1983 and is now before the Court on Defendants' pre-answer "Motion to Dismiss." (Doc. no. 13.) Plaintiff opposes the motion. (Doc. no. 14.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Defendants' motion be **GRANTED IN PART** and **DENIED IN PART**.

I.  **BACKGROUND**

Plaintiff, an inmate incarcerated at Hays State Prison in Trion, Georgia, commenced this case in August of 2010, and is proceeding *pro se* and *in forma pauperis*. (Doc. no. 3.)

---

[1] It appears from Defendants' motion to dismiss that Latrell Mursier was incorrectly identified in the complaint as Latrelle Mercier and that Officer Zellars' full name is Katrina Zellars. (Doc. no. 13.) Thus, the **CLERK** is **DIRECTED** to change the docket accordingly.

Thus, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e) & 1915A and allowed Plaintiff to proceed with his individual capacity claims,[2] alleging that Defendants Mursier and Zellars invaded his right to bodily privacy during a pat down and strip search, and that Defendant Lawson deprived him of his constitutional rights by establishing the policy or custom of permitting female officers to perform pat downs and strip searches upon male inmates. (Doc. no. 1.) In the instant motion, Defendants have challenged the sufficiency of Plaintiff's complaint.

According to the complaint, on February 17, 2009, Plaintiff was transported from Augusta State Medical Prison to the Lincoln County Jail ("LCJ") for a court appearance in Lincoln County Superior Court the following day. (Doc. no. 1, p. 6.) Plaintiff claims that upon his arrival he was placed in a holding cell for approximately fifteen minutes before being taken out of the cell by Defendant Zellars, a female jailer. (Id.) Plaintiff then alleges that Defendant Zellars conducted a pat down during which she placed her hand against Plaintiff's genitalia and inner thigh on the outside of his clothing, and also placed her hand directly upon Plaintiff's pubic area inside his boxer shorts. (Id. at 7.) After the pat down, Plaintiff states that Defendant Mursier, also a female jailer, joined Defendant Zellars and informed Plaintiff that he would need to be strip searched. (Id.) Plaintiff states that he protested and demanded a male officer to conduct the strip search, but he was led into a small shower where Defendants Zellars and Mursier told him to remove all of his clothing. (Id.

---

[2]The Court issued a Report and Recommendation in which it recommended the dismissal of Plaintiff's claims for monetary damages against Defendants in their official capacity based on Eleventh Amendment immunity. (Doc. no. 6.) The Honorable J. Randal Hall, United States District Judge, later adopted the Court's recommendation as the opinion of the District Court. (Doc. no. 9.)

2

at 7-8.) Plaintiff alleges that Defendant Mursier instructed him to lift his genitals, turn around and spread his buttocks and cough, and then to turn around so she and Defendant Zellars could "see the front again." (Id. at 8.) Plaintiff further claims that Defendants Zellars and Mursier laughed throughout the process, pointed at Plaintiff, and made comments to each other that he could not hear. (Id.) Plaintiff states that he observed other male prisoners being led into the shower for strip searches despite their own protests. (Id. at 9.) Plaintiff claims that he questioned Defendant Zellars about the strip search and was told to talk to Defendant Lawson, the Sheriff of Lincoln County, if he "had a problem with it." (Id.)

Plaintiff states that, at the time of the pat down and strip search, there were male deputies as well as other male prison personnel who were available and could have performed any necessary searches. (Id. at 9-10.) Plaintiff further states that there were no emergency or other exigent circumstances at that time to "justify" the pat down and strip search of Plaintiff and other male inmates by female officers. (Id. at 10.)

Plaintiff goes on to claim that Defendant Lawson, as Sheriff and final policymaker, is responsible for the policy in regard to pat downs and strip searches at LCJ. (Id. at 11.) Plaintiff then alleges that Defendant Lawson had personal knowledge of the pat downs and strip searches of male inmates by female officers, and that Defendant Lawson caused the deprivation of Plaintiff's constitutional rights by establishing the policy or custom of permitting female officers to perform pat downs and strip searches upon male inmates. (Id.)

Plaintiff alleges that Defendants' actions were conducted in a "sexually degrading and demeaning manner" and have caused him to suffer "ongoing psychological and emotional trauma." (Id. at 12-13.) In his prayer for relief, Plaintiff requests the Court to award both

3

compensatory and punitive damages against Defendants. (Id. at 15.)

## II. DISCUSSION

In the instant motion, Defendants have moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Defendants argue that Plaintiff fails to state a claim because he alleges only "psychological and emotional trauma" from the pat down and strip search without alleging any corresponding physical injury. (Doc. no. 13, pp. 1-2.) Defendants argue that the Prison Litigation Reform Act ("PLRA") requires a showing of more than a *de minimis* physical injury when an inmate brings a claim for mental or emotional injury, and this bars Plaintiff's claim because he alleges no such physical injury. (Id. at 3-5.) In his response to Defendants' motion, Plaintiff asserts that he has stated viable claims and requests that he be allowed to proceed with these claims. (Doc. no. 14, pp. 3-4.)

### A. Legal Standard

A motion under Rule 12(b)(6) challenges the legal sufficiency of the complaint. "In essence, a movant says, 'Even if everything you allege is true, the law affords you no relief.'" Johnson v. Fleet Finance, Inc., 785 F. Supp. 1003, 1005 (S.D. Ga. 1992) (Edenfield, J.). In deciding a motion to dismiss under Rule 12(b)(6), all of the non-moving party's allegations must be presumed true and all reasonable inferences must be construed in the light most favorable to the non-moving party. Miree v. DeKalb County, Ga., 433 U.S. 25, 27 n.2 (1977); Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990). Furthermore, a claim presented by a *pro se* litigant like Plaintiff should not be dismissed if the facts alleged in the complaint are sufficient to state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561-62 (2007). Moreover, granting a motion to dismiss

is disfavored and rare. <u>Brooks v. Blue Cross and Blue Shield of Fla., Inc.</u>, 116 F.3d 1364, 1369 (11th Cir. 1997). Finally, while factual allegations in the complaint must be taken as true when considering a motion to dismiss, there is no requirement that the Court must accept as true the plaintiff's conclusions of law. See <u>Solis-Ramirez v. United States Dep't of Justice</u>, 758 F.2d 1426, 1429 (11th Cir. 1985). With these principles in mind, the Court turns its attention to the instant motion.

**B.     PLRA's Limitation on Recovery**

Section 1997e(e) of the PLRA bars federal civil actions "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The Eleventh Circuit has unequivocally held that this provision applies to *all* constitutional claims. <u>Harris v. Garner</u>, 216 F.3d 970, 984-85 (11th Cir. 2000) (<u>en banc</u>) ("<u>Harris II</u>"). Moreover, the Eleventh Circuit held that where it applies, this language requires a showing of more than a *de minimis* physical injury in order for the plaintiff to proceed on a claim for mental or emotional injury. <u>Mitchell v. Brown & Williamson Tobacco Corp.</u>, 294 F.3d 1309, 1312-13 (11th Cir. 2002), citing <u>Harris v. Garner</u>, 190 F.3d 1279, 1286-88 (11th Cir. 1999) ("<u>Harris I</u>"), <u>vacated</u>, 197 F.3d 1059, <u>reinstated in relevant part</u>, 216 F.3d 970, 972 (11th Cir. 2000) (<u>en banc</u>). However, the application of § 1997e(e) turns on the relief sought. (<u>See</u> discussion, <u>infra</u>.) The issue is thus what forms of relief are available to Plaintiff, and which, if any, of those types of relief are permitted under § 1997e(e). Therefore, the Court will examine whether this provision limits claims for (1) compensatory damages, (2) punitive damages, (3) nominal damages, and (4) injunctive and declaratory relief.

1. **Compensatory Damages Claim**

It is clear that an inmate cannot obtain compensatory damages for mental or emotional injury without establishing a physical injury that is more than *de minimis*. Hughes v. Lott, 350 F.3d 1157, 1162 (11th Cir. 2003) (holding that where a plaintiff cannot establish more than a *de minimis* physical injury that "Section 1997e(e) . . . bars any claim seeking compensatory damages for emotional distress suffered while in custody"). Here, Plaintiff alleges no physical injury at all; he has alleged only that Defendants' actions have caused him "ongoing psychological and emotional trauma." (Doc. no. 1, p. 13.) Thus, Plaintiff's request for compensatory damages is barred by § 1997e(e). Accordingly, Defendants' motion to dismiss Plaintiff's claim for compensatory damages should be **GRANTED**.

2. **Punitive Damages Claim**

Recently, the Eleventh Circuit clarified the issue of whether the PLRA permits punitive damages where an inmate does not meet § 1997e(e)'s physical injury requirement. The Court of Appeals conclusively held that § 1997e(e) forecloses this possibility. Al-Amin v. Smith, 637 F.3d 1192, 1198-99 (11th Cir. 2011). In Al-Amin, the Court reasoned that two earlier precedents, Harris I, 190 F.3d 1279, and Smith v. Allen, 502 F.3d 1255 (11th Cir. 2007), had sufficiently foreclosed punitive damage relief where the plaintiff could not establish a physical injury under § 1997e(e). 637 F.3d at 1199.[3]

Plaintiff urges this Court to find that § 1997e(e) permits his claim for punitive

---

[3]The Court of Appeals noted that in Harris I, it had dismissed both the plaintiff's claim for compensatory *and* punitive damages after finding that he had failed to meet § 1997e(e)'s physical injury requirement. Al-Amin, 637 F.3d at 1196. It further noted that the Smith Court had expressly concluded that the PLRA "prevent[s] a prisoner plaintiff from seeking punitive damages in the absence of physical injury." Id. at 1198.

damages. (Doc. no. 14, pp. 3-4.) For support, he cites to a Seventh Circuit case that held that § 1997e(e) does not preclude a claim for punitive damages. Calhoun v. DeTella, 319 F.3d 936, 941 (7th Cir. 2003) (holding that punitive damages seek to remedy a different type of injury than compensatory damages, and are thus not precluded even if a plaintiff cannot show a physical injury under the PLRA). However, decisions of the Seventh Circuit are not binding on this Court, while those of the Eleventh Circuit are. See Bonner v. City of Pritchard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc). Thus, Al-Amin, and not Calhoun, is controlling. Since Plaintiff has alleged no physical injury in this case, and therefore cannot satisfy § 1997e(e)'s physical injury requirement, his claim for punitive damages is also barred. Therefore, Defendants' motion to dismiss Plaintiff's request for punitive damages should be **GRANTED**.

3. **Nominal Damages**

If an inmate does not establish more than a *de minimis* physical injury in his claim for mental or emotional injury, this would not mandate dismissal of the entire case under the PLRA. Boxer X v. Harris, 437 F.3d 1107, 1111 (11th Cir. 2006). This is because § 1997e(e), while foreclosing the possibility of compensatory and punitive damages, may not preclude a prisoner from seeking nominal damages. Hughes, 350 F.3d at 1162 (citing Carey v. Piphus, 435 U.S. 247, 255 (1978)) ("Nominal damages are appropriate if a plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove actual injury sufficient to entitle him to compensatory damages."), Wilson v. Moore, 270 F. Supp.

7

2d 1328, 1332 (N.D. Fla. 2003).[4]

Defendants argue that Plaintiff only seeks money damages in his complaint, and that he therefore cannot pursue any other type of relief. (Doc. no. 13, p. 5.) But dismissal is not justified simply because a plaintiff seeks relief in his complaint to which he is not entitled. Holt Civic Club v. City of Tuscaloosa, 439 U.S. 60, 65-66 (1978) ("[A] federal court should not dismiss a meritorious constitutional claim because the complaint seeks one remedy rather than another plainly appropriate one."); see also Bontkowski v. Smith, 305 F.3d 757, 762 (7th Cir. 2002) (Posner, J.); Korman v. United States, No. 06-80848-CIV, 2007 U.S. Dist. LEXIS 7776 at *10-12 (S.D. Fla. Feb. 2, 2007). While the complaint must contain a demand for the relief sought under Fed. R. Civ. P. 8(a)(3), the demand for relief is not part of the plaintiff's claim, and thus "failure to specify relief to which the plaintiff *was* entitled would not warrant dismissal under Rule 12(b)(6)." Bontkowski, 305 F.3d at 762 (emphasis added) (citations omitted). The test is instead whether the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In this regard, the Court is mindful that a *pro se* complaint is held to less stringent standards than formal pleadings drafted by a lawyer, and thus the Court will interpret Plaintiff's complaint liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Hughes, 350 F.3d at 1162-63 (directing the district court to consider on remand whether the plaintiff's complaint could be liberally construed to contain a request for nominal damages).

---

[4]The Eleventh Circuit has not yet definitively ruled on the issue of whether a plaintiff may recover nominal damages in this context. Al-Amin, 637 F.3d at 1199 n.10.

8

In the complaint, Plaintiff alleges that the pat down and strip search conducted by Defendants Mursier and Zellars invaded his sense of bodily privacy, that Defendant Lawson's policy of permitting female jailors to conduct pat downs and strip searches on male inmates violated his constitutional rights, and that Defendants' actions caused him to suffer "ongoing psychological and emotional trauma." (See generally, doc. no. 1.) Plaintiff has thus sufficiently stated a claim for mental and emotional injury, and nominal damages are available for such a claim under § 1997e(e). The Court will not at this early stage of the proceedings dismiss Plaintiff's claim for failure to specifically request this form of relief. Therefore, the Defendants' motion to dismiss Plaintiff's claim for nominal damages should be **DENIED**.

4. **Declaratory and Injunctive Relief**

Finally, Harris I makes clear that § 1997e(e) does not impair a prisoner from seeking declaratory or injunctive relief for constitutional violations:

> . . . Congress could not have meant to preclude claims for declaratory and injunctive relief under the PLRA because such relief addresses a violation the prisoner has not yet "suffered." The harm will be suffered, if at all, in the future. No injury is required in a pleading for prospective equitable relief; only a threat of future injury is necessary.

190 F.3d at 1288. In his complaint, Plaintiff argues that the policy of permitting female jailers to conduct pat downs and strip searches of male inmates without their consent is a constitutional violation; the implicit request is that the policy be changed. The Court will not at this stage dismiss Plaintiff's case where he has failed to specifically request all legal remedies that are available to him. Since this Court finds that Plaintiff has sufficiently stated a claim for mental and emotional injury, he is likewise not precluded from pursuing a claim

9

for declaratory and injunctive relief at this stage of the proceedings.[5] Accordingly, Defendants' motion to dismiss Plaintiff's claim for declaratory and injunctive relief should be **DENIED**.

III. **CONCLUSION**

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** that Defendants' motion to dismiss (doc. no. 13) be **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's individual capacity claims for compensatory and punitive damages should be **DISMISSED** without prejudice,[6] and Defendants' motion to dismiss should be **DENIED** with respect to Plaintiff's claims for nominal damages and injunctive and declaratory relief against all Defendants in their individual capacities.

Furthermore, should the District Court adopt this Report and Recommendation,

---

[5]A claim for injunctive relief against prison officials is ordinarily subject to dismissal for mootness when a prisoner is transferred to another prison and is no longer under the control of the prison officials against whom injunctive relief is sought. Zatler v. Wainwright, 802 F.2d 397, 399 (11 Cir. 1986). However, this general rule may not apply if a prisoner is likely to return to the facility from which he has been transferred or if the transfer was effected to avoid the jurisdiction of the adjudicating court. See McKinnon v. Talladega County, Ala., 745 F.2d 1360, 1363 (11th Cir. 1984); Hardwick v. Brinson, 523 F.2d 798, 800 (5th Cir. 1975); Romano v. Rambosk, CV 206-375, 2010 U.S. Dist. LEXIS 68713, at *9 (M.D. Fla. July 9, 2010).
Taking the parties' submissions on this matter into account, the Court concludes that Plaintiff has been transferred out of LCJ. However, because the factual record is insufficiently developed as to whether Plaintiff may return to LCJ, the Court finds it inappropriate to dismiss his claim for injunctive relief as moot at this early stage of the case.

[6]Section 1997e(e) only applies to claims filed during the imprisonment of the plaintiff, and an action barred under this section should be dismissed without prejudice by the district court to permit the prisoner to bring his claim once released. Napier v. Preslicka, 314 F.3d 528, 531-32 (11th Cir. 2002); Harris II, 216 F.3d at 980. Thus, both Plaintiff's claims for compensatory and punitive damages should be dismissed without prejudice.

10

Defendants must submit their answer within fourteen (14) days of the District Court's adoption order.

SO REPORTED and RECOMMENDED this 26th day of July, 2011, at Augusta, Georgia.

/s/ W. Leon Barfield
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE